James H. Caldwell v. E. B. Cogswell and others.

The verdict of a jury on a question of fact, will not be disturbed unless clearly wrong.

Appeal from the District Court of the First District, *Buchanan*, J.

*Sterrett*, and *R. M. Carter*, for the appellant.

*Larue*, and *J. C. Clark*, for the defendants.

Morphy, J. The petitioner claims $10,000 damages, for injury sustained by him in consequence of the bad and unworkmanlike manner, in which, as he alleges, the defendants executed a contract, by which they undertook to put a roof of zinc on the St. Charles street Theatre, in July, 1835. The defendants admit that they made such a contract, but aver that they have fulfilled their obligations under it, and finished the roof in a good and workmanlike manner; that the plaintiff has failed to comply with his part of the contract, by refusing to pay the stipulated price, and has thereby caused them damages to the amount of $500. They aver that if the zinc roof put on by them has proved defective, and leaked since its completion, the fault is not to be attributed to the materials employed or to the workmanship, but to causes for which the plaintiff alone is accountable, to wit, the unfitness of the building for the reception of a roof at the time that the plaintiff required

it to be covered, the whole edifice having been run up in a great hurry, the walls not having had time to settle down, the windows, doors, and the both gable ends of the house being then open, and not,closed up for months after the zinc was laid, so as to allow free ingress to the wind and rain; they also allege that the sheathing of the roof was defective, being of uneven thickness and of bad materials. The answer further avers, that the defendants made objections to the unfitness of the building, and protested against proceeding to cover it in its unfinished state; but that the plaintiff insisted upon the immediate commencement and completion of the work, declaring that the theatre must be ready for exhibitions by a certain time, on account of wagers to a large amount having been made that it should be open on a given day, and stating that he would himself take the responsibility, and bear the loss, should any damage result. The answer sets forth, that soon after its completion, the zinc roof of the theatre was strained and damaged by the settling and spreading of the walls, and by the rushing of the wind through all the openings; and that to repair such damage, the defendants expended in labor and materials $1,500, for which the plaintiff is liable to them; that if any leaking has occurred since these repairs were made, it has arisen from the same causes, as well as from the trampling on the roof by persons employed in finishing the theatre. The answer concludes with a reconventional demand against the plaintiff for the sum of $6,397, the price of the construction of the work according to the contract, the subsequent repairs, and the damages. There was a verdict and judgment below for the defendants, for the sum of $2,500. The plaintiff has appealed.

After commenting on the testimony in this case, the counsel for the appellant has thought proper to remind us, that, notwithstanding our respect in general for the verdicts of juries on matters of fact, we sometimes correct their errors when they are glaring and manifest. This we hold it our duty to do, but in the present instance, it is by no means obvious that the verdict complained of is erroneous. A number of witnesses belonging to the trade of house-building, were examined in court, and under commissions. Their testimony is contradictory. After a careful and minute examination of the record before us, we are unable to see that the

evidence preponderates so strongly in favor of the plaintiff, as to make it imperative on us to set aside the verdict obtained by the defendant, in a case coming so peculiarly within the province of a jury.

*Judgment affirmed.*